# Third District Court of Appeal

## State of Florida

Opinion filed January 18, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-298
Lower Tribunal No. 11-6488

_____

**Jason W. Wagner,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Nushin G. Sayfie and Miguel M. de la O, Judges.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Arlisa Certain and Christina L. Dominguez, Assistant Attorneys General, for appellee.

Before SUAREZ, C.J., and LAGOA and SALTER, JJ.

SUAREZ, C.J.

Jason Wagner seeks to reverse his conviction. We reverse and remand for a new trial.

Jason Wagner was observed by undercover police officers driving a car at high speed out of a shopping center parking lot and onto the street. Detective Crespo and his fellow officer followed the vehicle, observed the driver fail to stop at two intersections, and pulled the vehicle over. Wagner was the driver, and he had a female passenger. When Wagner opened the car door, Detective Crespo observed the smell of marijuana and saw a baggie protruding from the back waistband of Wagner's shorts. The detective retrieved the bag, which contained MDMA, marijuana and cocaine. Wagner was arrested and charged with trafficking in MDMA, as well as possession of cocaine and marijuana with intent to sell. Detective Crespo testified that his partner dealt with the female passenger, but he did not know her name, did not search her, and did not know if the other officers searched her.

Wagner's defense at trial was that the drugs were not his, but belonged to the female passenger. Part of Wagner's defense counsel's strategy was to highlight contradictions and inconsistencies in the investigating police officer's documentation of the offense, and Crespo admitted that he had made errors in his arrest affidavit describing the traffic stop. In the middle of cross, the defense asked Crespo if he had drafted any additional report, such as an offense incident report [OIR], and Crespo testified that he had drafted one. Defense counsel asked for a sidebar and informed the trial court that he had never received the OIR from the State. At sidebar, the court asked the

defense why it had not asked for the OIR at the start of the case, or alerted the court to a potential discovery violation earlier by motion, now that there had already been discovery, depositions, motions to suppress, and one mistrial. Defense counsel maintained that he had repeatedly requested the OIR from the State, and the State had replied that it did not have it, despite Detective Crespo's testimony that he had prepared the document. Defense counsel objected to the State's failure to supply the document, and the trial court asked defense counsel what prejudice the defense would suffer if it were to proceed without the document. Defense counsel asserted that upon being told by the State that no OIR existed part of the defense was to show the lack of investigation by the police. The trial court ordered the trial to continue without the OIR.[1] Wagner was convicted of the lesser offenses of simple possession of MDMA, cocaine, and marijuana. He was sentenced to five years in state prison.

We agree that the trial court erred by failing to conduct a proper hearing pursuant to Richardson v. State, 246 So. 2d 771 (Fla. 1971).[2] Upon being notified of an alleged discovery violation, the court must conduct a Richardson hearing to

---

[1] The trial court suggested that the State have one of its investigators "try to get a hold of the [OIR] in the meantime, but at this point we're going forward."

[2] We completely understand the trial court's irritation. Not only had there been discovery, depositions and hearings on motions to suppress, the defendant had already been through a mistrial and yet this discovery matter was not raised until the middle of the subsequent trial. But even in such a situation the trial court is required to conduct a proper Richardson hearing.

inquire about the circumstances surrounding the state's violation of the discovery rules and examine the possible prejudice to the defendant. Cliff Berry, Inc. v. State, 116 So. 3d 394, 418 (Fla. 3d DCA 2012); Jones v. State, 32 So. 3d 706, 710 (Fla. 4th DCA 2010). The fact that the State was apparently unaware of the OIR's existence does not relieve it from its duty to disclose. Fla. R. Crim. P. 3.220(b)(1)(C), and (j). Upon learning of the State's potential discovery violation for failing to provide the defense with a copy of the OIR, the trial court made no inquiry to determine whether the discovery violation was willful or inadvertent, trivial or significant, and failed to determine whether the discovery violation procedurally prejudiced the defense. Richardson, 246 So. 2d at 775; McDuffie v. State, 970 So. 2d 312, 321 (Fla. 2007); Cliff Berry, 116 So. 3d 394. Further, the trial court improperly shifted the burden to the defense to explain how it had been prejudiced by the alleged discovery violation. Id. at 418 ("[I]mposing the burden on the defendant to demonstrate prejudice instead of determining the circumstances of the discovery violation and requiring the State to demonstrate lack of prejudice to the defendant, does not satisfy the procedure contemplated by Richardson."); Casica v. State, 24 So. 3d 1236, 1241 (Fla. 4th DCA 2009) ("[I]t is the State's burden to show that the error was harmless, the State must show in the record that the defendant was not prejudiced by the discovery violation."); see also Kipp v. State, 128 So. 3d 879, 881 (Fla. 4th DCA 2013) ("The state's burden to show a discovery violation to be harmless is 'extraordinarily high.'").

4

The State has not shown that the defense's trial strategy would not have been materially different had the OIR been disclosed. Wagner asserts that the discrepancies between Detective Crespo's testimony and his prior statements gave rise to reasonable doubt as to Wagner's possession of the contraband, and that Wagner's passenger was the possessor of the drugs and fobbed them off to Wagner during the traffic stop. Timely disclosure of the OIR would have provided further grounds for impeaching the detective's credibility, which would have been strategically helpful in Wagner's defense. We cannot say beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation. See Scipio v. State, 928 So. 2d 1138, 1149 (Fla. 2006). That being so, we reverse Wagner's conviction and sentence and remand for a new trial.

Reversed and remanded.